UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRANDON BUGGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-02187-SEB-TAB |
| | ) |
| ZTE USA, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION**

This cause is before the Court on Defendant's Motion to Dismiss for Lack of Jurisdiction [Dkt. 7], filed on August 21, 2018, pursuant to Federal Rule of Civil Procedure 12(b)(2). Plaintiff Brandon Buggs brings this action against Defendant ZTE USA, Inc. ("ZTE"), alleging that he suffered injuries after "his ZTE USA cellular phone exploded in his pocket." Compl. ¶ 1. ZTE has moved to dismiss this action on the grounds that the Court lacks personal jurisdiction. For the reasons detailed below, we GRANT without prejudice Defendant's Motion to Dismiss.

**Factual Background**

ZTE is a for-profit corporation, incorporated under the laws of the state of New Jersey. Its principal place of business is in the state of Texas. ZTE is a provider of mobile devices, telecommunication systems, and enterprise solutions. Plaintiff, an Indiana citizen, alleges that he purchased one of the company's products and that it subsequently exploded in his pocket and injured him. His injuries are alleged to have

1

occurred in Indiana. The complaint does not allege where Mr. Buggs purchased the ZTE cell phone.

ZTE admits that it both "sells to and transports products by carrier to business-consumers that maintain locations in the state of Indiana." Def.'s Br. at 1. However, ZTE does not own, rent, or maintain any property in Indiana nor does it have an Indiana telephone number. ZTE does not pay taxes or have a bank account in Indiana. It has no subsidiaries, employees, or agents within the state of Indiana.

## Legal Analysis

### I. Applicable Law

Federal Rule of Civil Procedure 12(b)(2) requires dismissal of a claim where personal jurisdiction is lacking. When "[a] defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (citations omitted). In making this determination, the court will "read the complaint liberally, in its entirety, and with every inference drawn in favor of" the plaintiff. *Cent. States, Se. & Sw. Areas Pension Fund v. Phencorp Reinsurance Co.*, 440 F.3d 870, 878 (7th Cir. 2006) (citation and quotation marks omitted). When, as here, a district court rules on a defendant's motion to dismiss based on the submission of written materials, the plaintiff "need only make out a *prima facie* case of personal jurisdiction" and "is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Id.* at 876, 878. (internal citations omitted).

In order to properly exercise personal jurisdiction over a non-resident defendant, the court must undertake and satisfy a two-step analysis. First, the court must determine whether its exercise of jurisdiction over the defendant comports with the forum's long-arm statute. Assuming the first step is satisfied, the court must then determine whether this exercise is authorized by the Due Process Clause of the Constitution. *See Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012). Because Indiana's long-arm statute "reduce[s] analysis of personal jurisdiction to the issue of whether the exercise of personal jurisdiction is consistent with the [f]ederal Due Process Clause," we need only discuss the second step of this analysis. *LinkAmerica Corp. v. Cox*, 857 N.E.2d 961, 967 (Ind. 2006); Ind. Trial R. 4.4(A).

Due process subjects a defendant to personal jurisdiction in a particular state only if the defendant has "certain minimum contacts with [that state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Hous. Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). A defendant's "minimum contacts" with the forum state must involve its "purposeful[ ] avail[ment] … of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protections of its laws." *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 109 (1987) (citation omitted). The requirement of purposeful availment allows potential defendants to reasonably anticipate conduct for which they may be haled into court in a foreign jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

3

## II. Discussion

Personal jurisdiction may be either general or specific. Here, Mr. Buggs does not argue that the Court can exercise general personal jurisdiction over ZTE. Rather, he contends only that ZTE is subject to specific jurisdiction; therefore, we focus solely on the specific-jurisdiction inquiry.

Specific jurisdiction requires the defendant to have "minimum contacts" with the forum state. *See Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 549 (7th Cir. 2004). A court may exercise specific jurisdiction over a defendant when "(1) the defendant has purposefully directed [its] activities at the forum state or purposefully availed [itself] of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010). Additionally, the plaintiff must demonstrate that "requiring [the defendant] to defend against this lawsuit in the state 'does not offend traditional notions of fair play and substantial justice.'" *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011) (quoting *Int'l Shoe Co.*, 326 U.S. at 316).

Here, the only allegation in Mr. Buggs's complaint relevant to the personal jurisdiction inquiry is his allegation that the incident underlying this litigation, to wit, the ZTE cell phone explosion and resulting injuries, occurred in Indiana. However, this fact alone is insufficient to establish personal jurisdiction as it shows only Plaintiff's connection to the forum state, not Defendant's. *See Waldon v. Fiore*, 571 U.S. 277, 290 (2014) ("The proper question [in considering personal jurisdiction] is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct

4

connects him to the forum in a meaningful way."). In his brief, Mr. Buggs indicates that the ZTE cell phone that exploded in his pocked was purchased in Indiana, but the only support Plaintiff cites for this statement is his complaint, which contains no such allegation regarding the location of the purchase. *See* Pl.'s Resp. ¶ 2.

In support of his contention that personal jurisdiction exists here, Plaintiff cites heavily to *O'Neal v. Bumbo International Trust*, 16 F. Supp. 3d 952 (S.D. Ind. 2014), which held based on a "stream of commerce" analysis that personal jurisdiction existed over the defendant corporation because it utilized a distributor to deliver its products to different retailers throughout the United States and knew that some of those retailers were located in Indiana. *Id.* at 960. Unlike that case, however, where the plaintiffs presented relevant evidence that established the extent and character of the defendant's Indiana contacts, Mr. Buggs has presented no evidence at all. *See Purdue*, 338 F.3d at 782–83 ("[O]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction."). Although ZTE concedes in its brief that it utilizes carriers to sell and transport its products to business customers in Indiana, there is no evidence before us regarding the number or frequency of Indiana sales[1] such that we can determine whether such sales are sufficient to satisfy the minimum contacts standards. *See Tile Unlimited, Inc. v. Blanke Corp.*, 47 F. Supp. 3d 750, 760 (N.D. Ill. 2014) (observing that in determining whether the defendant purposefully availed itself of

---

[1] There is no record that Plaintiff pursued jurisdictional discovery.

the state market, both "[t]he number of transactions" and "the dollar amounts derived from" those transactions are relevant considerations).

For these reasons, we find that Mr. Buggs has not met his burden of making a *prima facie* showing that the Court has personal jurisdiction over ZTE.

**III. Conclusion**

For the reasons detailed above, we GRANT Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and DISMISS Plaintiff's claims against Defendant WITHOUT PREJUDICE. Plaintiff is given leave to replead within fourteen (14) days of the date of this entry to try to set forth a plausible factual basis for minimum contacts between Defendant and Indiana.

IT IS SO ORDERED.

Date: 2/21/2019

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Ryan Daniel Etter
KEN NUNN LAW OFFICE
ryane@kennunn.com

Scott Knight
HINSHAW & CULBERTSON LLP (Schererville)
sknight@hinshawlaw.com

Renee J. Mortimer
HINSHAW & CULBERTSON
rmortimer@hinshawlaw.com